HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEONARD J. HESS, SAMANTHA
HESS, and the marital community
comprised thereof,

              Plaintiffs,

    v.

BONNEVILLE BLLING AND
COLLECTIONS, INC. and MICHAEL
BORGE ,

              Defendant.

CASE NO. 3:15-CV-05158-RBL

ORDER DENYING PLAINTIFFS'
MOTION TO REMAND

[DKT. #10]

THIS MATTER is before the Court on Plaintiffs' Motion to Remand [Dkt. #10]. Hess[1]

sued Defendant Bonneville in state court for violating the Washington Consumer Protection Act

while attempting to collect a debt.  Hess told Bonneville that he was going to amend his

complaint to assert a federal claim under the Fair Debt Collection Procedures Act, and moved for

leave to do so.  Bonneville offered to stipulate to the amendment, and apparently informed Hess

that if he asserted the FDCPA claim, it would remove the case to federal court.

---

[1] Plaintiffs Leonard and Samantha are married. They are referenced in the singular, masculine "Hess" for clarity.

1    Bonneville also informed the state court that its then-pending Summary Judgment

2  Motion, and Hess's Motion to Amend, would be mooted if Hess added a FDCPA claim, because

3  the case would be removed. Hess signed, but refused to file, the stipulation for leave to amend.

4  Bonneville told Hess to either file the stipulation and assert the FDCPA claim, or withdraw the

5  Motion to Amend. Hess did neither.  Bonneville filed the stipulation and the FDCPA claim was

6  included in the case. Three days later, Bonneville removed the case to this court, based on

7  federal question jurisdiction under 28 U.S.C. §1331.

8    Hess seeks remand, arguing that Hess waived its right to remove by continuing to litigate

9  in state court after it learned that Hess wanted to add the FDCPA claim. Because Bonneville

10  timely and properly removed the complaint, and did not waive its right to do so, the Motion to

11  Remand is **DENIED**.

12                    **I.     DISCUSSION**

13  **A.  Standard for Removal**

14    An action is removable to a federal court by the defendants only if it could have been

15  brought there originally. 28 U.S.C. § 1441(a). It is well-settled that the removal statutes are to be

16  strictly construed. *See Conrad Associates v.  Hartford Accident & Indemnity Co.*, 994 F. Supp.

17  1196 (N.D. Cal.  1998). Strong presumption against removal jurisdiction means the defendant

18  always has the burden of establishing that removal is proper.  *Conrad*, 994 F. Supp.  at 1198; *see*

19  *also Gaus v.  Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if

20  there is "any doubt" as to the right of removal. *Gaus v. Miles,* 980 F.2d at 566.

21  **B.  Bonneville Did Not Waive Their Right to Remove**

22    Hess argues that the case should be remanded because the Bonneville "waived federal

23  jurisdiction by engaging in state court litigation prior to removal." But there is no factual or legal

24

1  support for this claim. The waiver inquiry is not how much the case was litigated prior to

2  removal; it is instead what did the defendant do after the case was *removable* that is

3  fundamentally inconsistent with exercising its right of removal. For example, filing a motion for

4  summary judgment after receipt of an amended complaint might manifest a defendant's intent to

5  waive the right to remove to federal court." *See Migis v. AutoZone, Inc.,* No. CIV 08-1394-KI, at

6  5 (D. Or. July 2, 2009).

7       But Bonneville filed its motion for summary judgment months *before* Hess told

8  Bonneville he was going to amend his complaint to assert a (removable) FDCPA claim. Hess

9  claims that Bonneville "vigorously pursued pleading practice" and used "veiled threats designed

10 to force [him] to file more and more pleadings with the state Court." That is not true.  All of the

11 filings, and all of the communications, related directly to the pending motion to amend, the

12 stipulation that would obviate the need for the state court judge to review or hear that motion,

13 and Bonneville's forthright admission that if the FDCPA claim was added, the case would be

14 removed — obviating the need for the state court to review, schedule, or hear the pending

15 summary judgment motion. Bonneville did not a waive its right to remove; it unequivocally told

16 the court and Hess that it intended to exercise its right to remove, as soon as the FDCPA claim

17 was actually in the case.

18      Hess alleges that Bonneville "waived federal jurisdiction" because they waited until two

19 weeks after receiving Hess's draft motion to amend. The time for removal is 30 days, and that

20 period begins at the defendant's receipt "through service or otherwise, of a copy of the initial

21 pleading setting forth the [removable] claim for relief." 28 U.S.C. §1446(b).  Bonneville could

22 not have, and certainly was not required to, seek removal unless and until the amended complaint

23 was operative.  It removed the case three days after the Amended complaint was filed.  It did

24

1  nothing in the interim to waive its right to remove, and the removal was proper as a matter of

2  law.

3  **C.  The Court Will Exercise Supplemental Jurisdiction over Hess's State Law Claims.**

4          Once its jurisdiction is triggered, this Court also has supplemental jurisdiction over all

5  other claims that are so related to claims in the action within such original jurisdiction that they

6  form part of the same case or controversy." 28 U.S.C. §1367(a). Hess's initial CPA claim and his

7  current FDCPA claim arise from the same transaction, and are part of the same case or

8  controversy.  There is no reason to require the defendant to defend two separate lawsuits on the

9  same subject matter, or for two courts to have to hear it.  Splitting the claims would also present

10  the risk of inconsistent results.

11         The court can and will exercise supplemental jurisdiction over the related state law

12  claims under §1367, as federal courts routinely do.  .

13         The Plaintiffs' Motion to Remand is **DENIED.**

14         IT IS SO ORDERED.

15         Dated this 5th day of June, 2015.

16

17

18         RONALD B. LEIGHTON
           UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24